# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

BRENDA MOORE,

    Plaintiff,

v.

COFFEE COUNTY SCHOOL DISTRICT,

    Defendant.

CV 5:18-004

## ORDER

Plaintiff filed this action seeking damages pursuant to Title VII of the Civil Rights Act of 1964. Dkt. No. 1 at 1. Before the Court is Defendant Coffee County School District's ("CCSD") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 8. Since the Court converted Defendant's Motion to Dismiss into a Motion for Summary Judgment, dkt. no. 20, this Motion has become fully briefed and is ripe for review. For the reasons stated below, the Motion is **DENIED**.

## PROCEDURAL BACKGROUND

On April 23, 2018, Defendant filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Dkt. No. 8. Along with the Motion, Defendant filed a brief in support of the Motion, dkt. no. 8-1, and an Exhibit of an EEOC charge filed by

Plaintiff, dkt. no. 8-3. On October 3, 2018, the Court entered an Order converting Defendant's Motion to Dismiss into a Motion for Summary Judgment. Dkt. No. 20. Defendant's Motion for Summary Judgment is presently before the Court.

## FACTUAL BACKGROUND

Plaintiff is an African American who was employed with Defendant CCSD. Dkt. No. 1 ¶ 3. On January 27, 2016, Plaintiff was given a written employee warning notice from Dr. Christina Tucker of CCSD. Dkt. No. 16-2 at 1-2. The warning set forth several reasons that Plaintiff was being reprimanded. Id. at 1. On January 29, 2016, Plaintiff was placed on Administrative Leave with pay. Dkt. No. 16-6. On February 19, 2016, Plaintiff was placed in a new position with CCSD, in the transportation department. Id.; Dkt. No. 16-7. Plaintiff's prior position with CCSD was that of a paraprofessional, for which she was compensated $16.26 an hour. Dkt. No. 12-8; Dkt. No. 12-13. After the demotion, Plaintiff was compensated $9.00 an hour. Dkt. No. 12-8; Dkt. No. 12-13.

On October 21, 2016, Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 16-4. In the Charge, Plaintiff alleged that in January 2016 she complained to the CCSD Human Resources department about a hostile work environment and unfair treatment. Id. She further alleged that her pay was reduced in February 2016

2

and that she was demoted to bus monitor in September 2016. Id. On the Charge, she noted that the last date that discrimination took place was October 20, 2016, the day before the Charge was filed. Id. Finally, she noted that the discrimination was a "Continuing Action." Id.

On November 18, 2016, Plaintiff filed another Charge of Discrimination with the EEOC. Dkt. No. 16-5. This Charge was almost identical in substance to the October 2016 Charge, except that the date Plaintiff was allegedly demoted to bus monitor was changed from "September 2016" to "February 19, 2016." Compare Dkt. No. 16-4 with Dkt. No. 16-5. The November 2016 Charge's dating of Plaintiff's demotion to bus monitor corroborates a February 19, 2016 letter to Plaintiff from the CCSD superintendent: "I am sending this letter as a follow up to our meeting on February 19, 2016 concerning your job placement in the school district. As we discussed, you have been assigned to the position of bus monitor." Dkt. No. 16-7.

In an email with Kim Cook, a CCSD employee, dated February 24, 2016, Kim Cook detailed Plaintiff's salary for the "60 days remaining in this school year" and also explained that pursuant to her new hourly wage she would get "[$]1506.03 monthly salary to be paid Feb – Aug." Dkt. No. 12-8. On March 7, 2016, Plaintiff emailed two CCSD employees asking about information on "our Grievance Policy"; she received a reply from Kim Clayton, the

Director of Personnel and Public Relations for CCSD, that day. Dkt. No. 12-9. Finally, Plaintiff stated on May 31, 2018, in an email to the EEOC office, that she was "a recently retired state employee through the Public School System receiving a monthly check from the Teacher Retirement System." Dkt. No. 16-13 at 3.

Plaintiff filed this action to recover damages and other compensation, which Plaintiff claims is owed to her under Title VII of the Civil Rights Act of 1964.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden instead with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

"An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil

AO 72A (Rev. 8/82)

Rights Act . . . ." Stamper v. Duval Cty. Sch. Bd., 863 F.3d 1336, 1339 (11th Cir. 2017) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)). The first requirement on the path to exhaustion is that the employee file a timely charge of discrimination with the EEOC. Id. (citing Wilkerson, 270 F.3d at 1317). "For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act." 270 F.3d at 1317 (citing 42 U.S.C. § 2000e-(5)(e)(1)). Further, when a charge is based on "discrimination in compensation," then "an unlawful employment practice occurs . . . when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." 42 U.S.C. § 2000e-5(e)(3)(A). Based on the record, Defendant has not satisfied its initial burden of demonstrating the absence of a genuine issue of material fact on the issue of timeliness, the only ground that it has moved for summary judgment on.

Plaintiff initially filed a charge with the EEOC on October 21, 2016, and 180 days before that date was April 24, 2016. Defendant argues that the last alleged act of discrimination occurred on February 19, 2016, when Plaintiff was demoted to bus monitor. While this may be when Plaintiff's pay was reduced, because Plaintiff alleges that she was paid less as a result of

6

discrimination based on her race, Plaintiff has alleged that she was affected by a discriminatory compensation decision. Pursuant to 42 U.S.C. § 2000e-5(e)(3)(A), "each time [Plaintiff's] wages . . . [were] paid," an "unlawful employment practice occur[ed]."

Defendant has the burden of showing that there is no issue of material fact that Plaintiff did not receive wages based on the reduced hourly rate after April 24, 2016. Defendant has not met this burden at this time. This is not to say that Defendant may never be able to meet this burden, but at this early stage, it has not. Accordingly, Defendant's Motion is **DENIED without prejudice to reurge it following discovery**.

**SO ORDERED**, this 21st day of December, 2018.

/s/ Lisa Godbey Wood

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA